# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2015

Lyle W. Cayce
Clerk

No. 14-50609
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL CORONA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-682

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Daniel Corona, Jr., appeals the sentence imposed following his guilty plea conviction for importation into the United States of five kilograms or more of cocaine. The statutory minimum for this offense is ten years, but Corona qualified for the safety valve, which rendered the statutory minimum inapplicable and resulted in a guidelines range of 87-108 months. The district court imposed a prison term of 96 months.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50609

Corona argues that the within-guidelines sentence was substantively unreasonable because it was greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a).  More specifically, he contends that the Guideline under which he was sentenced is not empirically based and that his guidelines range was improperly driven by drug quantity when he did not know the quantity of drugs he was transporting.  He further asserts that the sentence was greater than necessary to provide deterrence because he was 59 years old at the time of sentencing, recidivism is lower for older defendants, and he was a first-time offender who had only limited involvement in a nonviolent offense.  He maintains that the district court improperly considered his drug abuse as an aggravating factor because treatment for his substance abuse could further reduce the risk of recidivism.

In the district court, Corona did not object to the substantive reasonableness of the sentence.  Corona argues that such an objection is not required to preserve the substantive reasonableness of a sentence for review, but he acknowledges that this argument is foreclosed by circuit precedent and raises the issue to preserve it for further review.  Accordingly, we review the substantive reasonableness of the sentence for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Under the plain error standard, Corona must show a clear or obvious forfeited error that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If Corona makes such a showing, we have discretion to correct the error but only if the error seriously affects the fairness, integrity, or public reputation of the proceedings.  *See id.*

"[A] sentence within a properly calculated Guideline range is presumptively reasonable."  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  The lack of an empirical basis for the Guideline under which

No. 14-50609

Corona was sentenced does not disturb the presumption of reasonableness. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court had before it both mitigating and aggravating factors. The district court balanced these factors, and it determined that a sentence near the middle of the guidelines range was appropriate. Considering the totality of the circumstances, as we must, *see Gall*, 552 U.S. at 51, Corona has not shown that the sentence was plainly erroneous. *See Rita v. United States*, 551 U.S. 338, 359-60 (2007); *Peltier*, 505 F.3d at 392-94.

AFFIRMED.